1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LISA BELYEW,                              No. 2:17-cv-01095-KJN PS

12                  Plaintiff,

13        v.                                   ORDER

14   DOUG LAMALFA, et al.,

15                  Defendants.

16

17

18        Plaintiff Lisa Belyew[1], who proceeds in this action without counsel, has requested leave to

19   proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2]  (ECF No. 8.)  Under the same statute,

20   _____

21   [1] Plaintiff is currently incarcerated in Napa State Hospital.  In addition to this matter, she has filed
     numerous prisoner civil rights complaints in federal court, some of which involve defendants
22   named here, and some of which appear to be duplicative to one another.  See Belyew v. Butte
     County Jail Medical Staff, 2:17-cv-00506-JAM-EFB; Belyew v. Honea et al., 2:17-cv-00508-AC;
23   Belyew v. Lorman et al., 2:17-cv-00723-CKD; Belyew v. Butte County Superior Court, et al.,
     2:17-cv-01028-JAM-EFB; Belyew v. Stapleton, 2:17-cv-01065-EFB, Belyew v. Reilly, 2:17-cv-
24   01083-EFB; Belyew v. Reilly, 2:17-cv-01153-JAM-EFB; Belyew v. Jackson, 2:17-cv-01165-
     EFB; Belyew v. Honea et al., 2:17-cv-01189-CKD; Belyew v. Jackson, 2:17-cv-01198-GEB-
25   EFB; Belyew v. Britt, 2:17-cv-01199-JAM-EFB; Belyew v. Streets et al., 2:17-cv-01200-MCE-
     EFB; Belyew v. Duch et al., 2:17-cv-01213-EFB; Belyew v. Napa State Hospital, 2:17-cv-01383-
26   CKD; Belyew v. Jones et al., 2:17-cv-01501-KJN; Belyew v. CFMG et al., 2:17-cv-01816-KJN.

27   [2] All appearing parties have consented to the jurisdiction of the United States Magistrate Judge.
28   (ECF No. 3.)

                                          1

the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

For the reasons discussed below, the court concludes that plaintiff's complaint fails to state a claim upon which relief may be granted, and that leave to amend would be futile. Accordingly, the action is dismissed without leave to amend and plaintiff's application to proceed *in forma pauperis* in this court is denied as moot.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll

v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff specifically names United States Congressman Doug LaMalfa, Butte County District Attorney Mike Ramsey, Butte County Superior Court Judge Patrick Reilly, and Butte County Public Defender Mark Stapleton, as defendants.  (ECF No. 1 at 2.)  Liberally construed, plaintiff appears to bring claims against these defendants, under 42 U.S.C. § 1983 for various violations of her constitutional rights.  (See generally ECF No. 1.)  Specifically, she alleges that local county officials failed to enforce a restraining order against her roommates and failed to prosecute these roommates for alleged acts of theft, vandalism, intimidation, threat, and slander.  (Id. at 3–5.)  Also, Congressman LaMalfa's office allegedly failed to appropriately respond to her complaints about local officials.  (Id. at 4.)  Plaintiff requests monetary damages for these alleged failures to act.  (Id. at 6.)

Plaintiff's allegations are vague and conclusory, and she has failed to state even a single cognizable claim that has facial plausibility.  See Twombly, 550 U.S. at 570.  She baldly asserts that defendants violated her constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  (Id. at 3–5.)  At the same time, plaintiff has failed to point to any specific actions by the named defendants.  Nor has she explained how defendants' conduct, or lack thereof, violated any of her constitutional rights.  Rather, she alleges that defendants failed to respond to her grievances in the way plaintiff would have preferred—for example, plaintiff complains that, instead of arresting or prosecuting her roommates, various county actors allegedly asked her why she did not move.  (ECF No. 1 at 3–4.)  There is no plausible constitutional violation by defendants for failing to enforce the law against third parties, in the fashion plaintiff wanted or would have preferred.  Therefore, even accepting plaintiff's factual allegations as true and construing the complaint in the light most favorable to her, plaintiff has failed to state a plausible claim that would entitle her to damages.  See Scheuer, 416 U.S. at 236 (1974); Erickson, 551 U.S. at 94.

/////

3

What is more, even if plaintiff were granted leave to amend, she could not state a plausible claim against defendants. As a federal legislator, Congressman LaMalfa has no control over the administration of local county governments. Furthermore, to the extent that plaintiff might allege that Congressman LaMalfa failed in his legislative duty to either investigate this matter or draft a bill to address her concerns, Congressman LaMalfa is immune from suit. See Tenney v. Brandhove, 341 U.S. 367, 377 (1951) ("Legislators are immune from deterrents to the uninhibited discharge of their legislative duty").

Similarly, "judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority"). Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction . . . or performs an act that is not judicial in nature").

Here, plaintiff does not allege, or even intimate, that Judge Reilly acted in clear absence of jurisdiction. Liberally construed, plaintiff alleges that Judge Reilly failed to take action against plaintiff's roommates, which plaintiff assumes was within his jurisdiction to do. Thus, even if plaintiff's vague and conclusory allegations stated a plausible claim, Judge Reilly would be immune from suit. Moreover, since there is not even the slightest indication that Judge Reilly committed any acts in the clear absence of jurisdiction, if plaintiff were granted leave to amend, Judge Reilly would retain his immunity from suit.

As to District Attorney Mike Ramsey, the United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Such absolute immunity applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious and dishonest action deprives him of liberty." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). As explained, plaintiff's allegations that Mr. Ramsey failed to prosecute other individuals does not state a plausible constitutional violation. However, plaintiff also invokes the phrase "malicious prosecution" in a conclusory fashion, when listing her request for relief. (See ECF No. 1 at 6.) Even assuming that plaintiff could state a claim for malicious prosecution against Mr. Ramsey in an amended complaint, Mr. Ramsey would be immune from a civil suit for damages under § 1983.

Regarding Public Defender Mark Stapleton, plaintiff has failed to specify what role he played in the alleged violations. Yet, even if granted leave to amend, plaintiff cannot state a viable claim under § 1983 against Mr. Stapleton, because, when acting as a defense attorney in state court criminal proceedings, a public defender is not a state actor for purposes of § 1983 liability. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

For the foregoing reasons, plaintiff has failed to state a plausible claim against defendants, and leave to amend would be futile. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 8) is DENIED AS MOOT.

3. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: October 10, 2017

14/ps.17.1095.belyew.IFP dismissal

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE